# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-2155, 3D24-2156 & 3D24-2157
Lower Tribunal No. 18-35375-CA-01

_____

**Mauricio Servitje-Labarrere, et al.,**
Appellants,

vs.

**Gonzalo Fernandez del Castillo Quintana, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Lauri Waldman Ross, P.A., and Lauri Waldman Ross; Vernis & Bowling of Miami, P.A., and Michael Schiffrin, for appellants.

Jones & Adams, P.A., and Matthew L. Jones, Jorge L. Porro, and Eric S. Rojo-Dotel, for appellees Gonzalo Fernandez del Castillo Quintana and Jasu Juice, LLC.


Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

Appellants, Mauricio Servitje-Labarrere, Roberto Servitje-Achutegui, and Altex USA Corporation, appeal the final judgment entered in favor of Appellee, Gonzalo Fernandez del Castillo Quintana, following a jury trial on Fernandez's amended counterclaim for tortious interference with a business relationship. The Appellants also appeal non-final rulings preceding the jury trial and entry of the final order, including the denial of their motion for summary judgment on Fernandez's amended counterclaim for tortious interference. We affirm.

Appellants' main argument is that the trial court erred in denying their pretrial motion for summary judgment on Fernandez's amended counterclaim for tortious interference. First, because the predecessor judge's order granting Appellants' motion for summary judgment on Fernandez's initial counterclaim for tortious interference remained interlocutory as it was never rendered into a final judgment and indeed became non-operative when Fernandez amended his counterclaim for tortious interference, the successor judge committed no reversible error in re-examining that issue.

Second, Fernandez's March 26, 2021 declaration in opposition to summary judgment provided that (1) Southern Gardens Citrus Processing Corp. informed Fernandez that it was interested in hiring him; (2) Southern Gardens then received Appellants' email falsely stating that Fernandez was

subject to a non-compete agreement; (3) Appellants also mailed Fernandez's attorney a letter threatening him and Southern Gardens with legal action if Fernandez accepted employment with Southern Gardens; and (4) thereafter Southern Gardens informed Fernandez that it would only be interested in hiring him indirectly as a consultant through Jasu Juice, LLC.[1]

Fernandez's declaration was sufficient to create an issue of fact as to whether Appellants' false email caused Southern Gardens to decline to hire Fernandez as an employee, even considering the clear and contrary deposition testimony by Southern Gardens' representatives. See Perez-Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017) ("[A] motion for summary judgment is not a trial by affidavit or deposition. Summary judgment is not intended to weigh and resolve genuine issues of material fact, but only identify whether such issues exist. If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact."). We have reviewed the other issues raised by the Appellants and find no reversible error.

Affirmed.

---

[1] Fernandez is the Chief Executive Officer of Jasu Juice.